IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:17-CR-00517 JNP |
| Plaintiff, | : | |
| vs. | : | ORDER EXCLUDING TIME FROM SPEEDY TRIAL ACT COMPUATION |
| ISAAC DYLAN KEMP, | : | Judge Jill N. Parrish |
| Defendant. | : | Magistrate Judge Evelyn J. Furse |

This matter is before the Court on December 6, 2017, for a change of plea hearing, before Magistrate Judge Evelyn J. Furse. Defense counsel, Ed Brass, requested the change of plea hearing be continued two weeks and that time be excluded under the Speedy Trial Act, due to the complexity of the case and due to separate case being resolved in the State of Nebraska. Counsel for the United States stipulated to the continuance, moving that time be excluded between when the Defendant first made its motion to strike the trial and set the matter for a change of plea, specifically November 1, 2017, through the next hearing, December 20, 2017. Counsel for the United States provided additional facts and argument in support of the exclusion of time.

The Court makes the following findings of fact and conclusions of law:

1. The defendant was charged by Indictment on September 6, 2017. [Doc. 1.]

2. The defendant made his initial appearance on September 8, 2017. [Doc. 7.]

3. A four-day jury trial was scheduled for November 13, 2017 – 66 days from the

defendant's initial appearance and within the limits prescribed by the Speedy Trial Act. [Doc. 7.]

4. The defendant filed a motion to strike the trial on November 1, 2017, and set the matter for a change of plea hearing. [Doc. 14.] The next day, November 2, 2017, the Court granted the defendant's motion to set the matter for a change of plea hearing on November 30, 2017. [Doc. 17.]

5. On November 29, 2017, the defendant requested the change of plea hearing be continued to the following week, and the court vacated the hearing scheduled for November 30, 2017. The same day, the court scheduled the change of plea hearing for December 6, 2017. [Doc. 18]

6. At the change of plea hearing on December 6, 2017, the hearing was continued for two weeks to December 20, 2017. [Doc. 19]

7. On the date the defendant filed his initial motion to strike the trial date, 54 days had expired from the Speedy Trial clock.

8. The parties have negotiated a resolution in this matter, which will involve the resolution of a related state court case in Nebraska; however, additional time is needed to finalize this resolution, requiring coordination with the defense attorney and prosecutor in Nebraska. The parties have exercised due diligence in attempting to finalize the resolution in this case; however, the complexity and addition of the related Nebraska criminal matter has caused additional delay.

9. It is in the interest of the public and the victims in this case to try and resolve both this matter and the Nebraska criminal matter together.

a. The victims and multiple investigator witnesses in this case are from two different states, and it would cause an additional hardship to them if this matter were not resolved and they were required to come to Utah to testify at trial

b. Should the plea negotiations fall apart due to time not being excluded under the Speedy Trial Act, additional time would be needed for the parties to prepare for trial. In that case, counsel for the parties would need to reanalyze discovery, identify and secure all the necessary witnesses, most of which are out-of-state witnesses, and identify, prepare, and file appropriate notices and motions. Counsel for the parties would also need to draft proposed jury instructions, proposed voir dire, and prepare exhibits and exhibit lists.

c. With the exercise of due diligence counsel for the parties cannot prepare the case for trial within the time limits prescribed by the Speedy Trial Act, given the complexity of the case, due to the involvement of victims in two other states, three separate law enforcement investigations, voluminous discovery exceeding 60 gigabytes of digital content and digital forensic evidence, the necessity to retain and consult forensic experts, the related Nebraska criminal matter, and the need to subpoena out-of-state witnesses.

10. Based upon the foregoing, failure to grant the requested continuance would deny the parties the reasonable time necessary to resolve the matter for which the

3

defendant originally moved to strike the trial date, and time necessary for effective preparation for trial, if needed, taking into account the exercise of due diligence.

11. The length of the requested continuance is reasonable and reasonably related to the reasons for the continuance.

12. The delay from the continuance is excludable under the Speedy Trial Act because, as set forth above, the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. This matter is a complex case, in that it closely relates to a Nebraska criminal matter, with which counsel is attempting to resolve at the same time. Furthermore, the delay has been due to the filing of a motion to strike the trial date filed by the defendant and request to schedule a change of plea hearing. At this point the change of plea has not been taken, as the plea agreement is still being considered.

## **ORDER**

Based upon the foregoing, and pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), and (B)(i), (ii), and (iv), the time between November 1, 2017 and the new scheduled change of plea hearing, December 20, 2017, is excluded for purposes of speedy trial computation.

SO ORDERED this _____ day of December, 2017.

_____
Jill N. Parrish
United States District Court Judge