JOHN W. HUBER, United States Attorney (#7226)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

DEC 28 2017

BY D. MARK JONES, CLERK
_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:17-CR-00517-JNP |
|---|---|
| Plaintiff, | |
| vs. | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| ISAAC DYLAN KEMP, | |
| Defendant. | Judge Jill N. Parrish |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States, I intend to plead guilty to Counts III and IV of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

The elements of Count III, Production of Child Pornography, a violation of 18 U.S.C. § 2251(a) and (e), are:

(1) That the defendant knowingly employed, used, persuaded, induced, enticed, or coerced;

(2) Any minor;

(3) To engage in sexually explicit conduct;

(4) For the purpose of producing any visual depiction of such conduct;

(5) Knowing or having reason to know that the visual depictions would be transported or transmitted using any means or facility of interstate or foreign commerce, if that visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

The elements of Count IV, Travel with Intent to Engage in Illicit Sexual Conduct, a violation of 18 U.S.C. § 2423(b) are:

(1) The defendant traveled in interstate or foreign commerce;
(2) For the purpose of engaging in any illicit sexual conduct with another person, to wit: a person under 18 years of age.

    2.    I know that the maximum possible penalty provided by law for Count III of the Indictment, a violation of 18 U.S.C. § 2251(a) and (e), is a term of imprisonment of up to 30-years, a minimum mandatory sentence of 15-years, a fine of $250,000.00, a term of supervised release of not less than five (5) years and up to life, and any applicable forfeiture. I know that the maximum possible penalty provided by law for Count IV of the Indictment, a violation of 18 U.S.C. § 2423(b), is a term of imprisonment of up to 30 years, a fine of $250,000, a term of supervised release of not less than five (5) years and up to life, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offenses shall be ordered pursuant to 18 U.S.C. §§ 2259 and 3663A.

    b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    3.    I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

    4.    I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

2

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    a. I have a right to the assistance of counsel at every stage of the proceeding.

    b. I have a right to see and observe the witnesses who testify against me.

    c. My attorney can cross-examine all witnesses who testify against me.

    d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

    e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

    f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    g. The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

    h. It requires a unanimous verdict of a jury to convict me.

    i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> Count III: On or about and between January, 2016 and April 26, 2016, in the Central Division of the District of Utah and elsewhere, I, ISAAC DYLAN KEMP, while residing in the State of Utah, knowingly persuaded and enticed a minor, E.K., known to be approximately 12 years old at the time, residing in North Carolina, to engage in sexually explicit conduct, I specifically request E.K. to send, via Kik Messenger App, or other internet or texting applications, photos of E.K.'s exposed genitals and items being inserted therein, totaling four (4) or more photos and five (5) or more videos, which visual depictions I knew would be transported across state lines by the internet, and were in fact transported across state lines. I used my Black LG cell phone, Model VS990, Black HP laptop, with cord, SN: 2CE14909CL, Gray Corsair computer tower, SN: 13019703, Google account *isaackemp80*, Kik account *Luckbewithyou*, and other electronic devices with similar capabilities, owned by me, in the foregoing activities, which items were not manufactured in the State of Utah and had been mailed, shipped, or transported in interstate or foreign commerce. These actions were done in violation of 18 U.S.C. § 2251(a).
>
> Count IV: On or about and between October 25, 2013, and September 7, 2016, in the Central Division of the District of Utah and elsewhere, I, ISAAC DYLAN KEMP, while residing in the State of Utah, knowingly used my Black LG cell phone, Model VS990, Black HP laptop, with cord, SN: 2CE14909CL, Gray Corsair computer tower, SN: 13019703, Google account *isaackemp80*, Kik account *Luckbewithyou*, and other electronic devices and accounts with similar communication and storage capabilities, owned by me, in the following activities, which item(s) was not manufactured in the State of Utah and had been mailed, shipped, or transported in interstate or foreign commerce. Using the referenced devices, I knowingly persuaded, enticed, and coerced A.L., a Nebraska minor between the age of 13-16 years old, to engage in sexual activity for which any person can be charged with a criminal offense. In persuading A.L. to engage in sexual acts, I exchanged thousands of text and instant messages of a sexually explicit nature, over the internet, describing the sexual acts I wanted to perform with A.L., sharing of obscene material with A.L., and soliciting images and videos depicting A.L. engaged in sexually explicit conduct, totaling approximately 252 images and videos of A.L.'s nude breast and genitals, including depictions of masturbation and genital penetration with foreign objects. Between May 2014 and September 2016, I traveled from Utah to Nebraska to engage in sexual acts with A.L., and

engaged in sexual acts with A.L. These actions were done in violation of 18 U.S.C. § 2423(b).

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

 a. **Guilty Plea.** I will plead guilty to Counts III and IV of the Indictment.

 b. **Dismissal of Counts.** The government agrees to move for leave to dismiss Counts I, II, V, and VI at the time of sentencing.

 c. **Sentencing Recommendation:**

  (1) At the time of sentencing, the government agrees to argue for a guideline sentence on Count IV. The United States will recommend the 15-year mandatory minimum on Count III. The parties may argue the issue of consecutive versus concurrent sentencing for Counts III and IV.

  (2) The United States' agreement is based on the facts and circumstances currently known to the United States. If additional facts regarding my history and characteristics or the nature and circumstances of my conduct are discovered prior to sentencing, the United States reserves the right to reconsider this recommendation. I understand that the Court is not bound by the government's recommendation.

 d. **Supervised Release.** The parties have no agreement as to the term of supervised released.

 e. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

  (1) I acknowledge that the cross-reference under U.S.S.G. § 2G1.3(c)(1) to U.S.S.G. § 2G2.1 for production of child pornography applies in determining my recommended guideline range.

 f. **Acceptance of Responsibility**. The government agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offenses, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the government agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline §

5

3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

g. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

h. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

i. **Restitution.**

(1) I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. §§ 2259, 3663A(a)(1), and (c)(1), based on the

6

charge(s) to which I am pleading guilty. My attorney has explained what mandatory restitution means.

(2)  I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(3)  I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

### j. **Forfeiture.**

(1)  I agree to forfeit all property acquired from or traceable to my offenses and all property that was used to facilitate my offenses, including, but not limited to, the following specific property and its digital content:

- Black LG cell phone, Model VS990;
- Black HP laptop, with cord, SN: 2CE14909CL;
- Gray Corsair computer tower, SN: 13019703;
- Black Memorex thumb drive (16 GB);
- SP Armor 1 TB external hard drive, SN: 14021774-09;
- SanDisc thumb drive (1 GB);
- BMGSFA thumb drive (1 GB); and
- ATP thumb drive (16 GB), SN: 0506471104957.

(2)  I acknowledge that all property covered by this agreement is subject to forfeiture because it represents the proceeds of illegal conduct or helped facilitate illegal conduct, or is property involved in illegal conduct giving rise to forfeiture.

(3)  I agree that all such property may be forfeited in either an administrative, civil and/or criminal judicial proceeding. I agree that I will not make a claim to the property or otherwise oppose forfeiture in any such proceedings, and I will not help anyone else do so. If I have already made such a claim, I hereby withdraw it. I further agree that I will sign any necessary documents to ensure that clear title to the forfeited assets passes to the United States, and that I will testify truthfully in any judicial forfeiture proceeding. In addition, I agree that I will not make any claim to property forfeited by any other defendant in this case.

(4) I hereby waive any claims I may have against the United States regarding the seizure and forfeiture of the property covered by this agreement.

(5) I hereby waive the requirements regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(6) I hereby waive any constitutional or statutory challenges to the forfeiture covered by this agreement, including that the forfeiture is an excessive fine or punishment.

13. **Notice of Sex Offender Registration.** That under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: the location of my residence, the location of my employment; and, if I am a student, the location of my school. Registration will require that I provide information that includes name, residence address, and the names and addresses of any places at which I am or will be an employee or a student. I understand that I must update my registrations not later than three business days after any change of name, residence, employment, or student status. I understand that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

14. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

15. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\* \* \* \*

I make the following representations to the Court:

1. I am 45 years of age. My education consists of SOME COLLEGE. I CAN [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreement that are not disclosed to the Court.

8

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 28 day of DEC, 2017

_____
ISAAC DYLAN KEMP
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 28 day of DECEMBER, 2017

_____
EDWARD K. BRASS
Attorney for Defendant

9

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 28th day of December, 2017.

JOHN W. HUBER
United States Attorney

_____
KENT A. BURGGRAAF
Special Assistant United States Attorney